**In re AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, et al., Petitioners.**

**No. 87–1133.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 29, 1987.

Decided Jan. 22, 1988.

Richard J. Hirn, with whom Charles A. Hobbie and Mark D. Roth, Washington, D.C., were on the brief, for petitioners.

Ruth E. Peters, Sol., Federal Labor Relations Authority, with whom William E. Persina, Deputy Sol., Federal Labor Relations Authority, Washington, D.C., was on the brief, for respondent.

Before BUCKLEY and WILLIAMS, Circuit Judges, and AUBREY E. ROBINSON, Jr.,* Chief District Judge.

Opinion for the Court filed by Chief District Judge AUBREY E. ROBINSON, Jr.

AUBREY E. ROBINSON, Jr., Chief District Judge:

The American Federation of Government Employees, AFL–CIO, its affiliated councils and locals, and the Overseas Education Association ("Petitioners") have petitioned this Court for a writ of mandamus to compel the Federal Labor Relations Authority ("FLRA") to timely process negotiability appeals. The petition seeks an order: (1) declaring that FLRA's delays in issuing decisions in negotiability appeals violate 5 U.S.C. § 7117(c)(6) and 5 U.S.C. § 555(b); and (2) issuing the Court's mandate to require the FLRA to decide all negotiability appeals within six (6) months of filing and to decide within thirty (30) days specific negotiability appeals listed in the petition. All of the negotiability appeals listed in the petition, as amended, have been disposed of by FLRA.[1] Relief specific to these negotiability appeals must therefore be denied as moot. The request for a mandate requiring FLRA to decide all negotiability appeals within six (6) months of filing is not moot,[2] but such relief would clearly be inappropriate on the record before us. The petition is therefore dismissed.

## BACKGROUND

Negotiability appeals normally arise when a federal agency contends, in the course of negotiating a collective bargaining agreement, that a union's bargaining proposal is not within the agency's duty to bargain and the union, arguing that the proposal is negotiable, then petitions FLRA to resolve the dispute. See 5 U.S.C. § 7117(c)(1). The statute requires FLRA to "expedite [negotiability appeals] to the extent practicable" and to issue "a written decision ... at the earliest practicable date." 5 U.S.C. § 7117(c)(6). This is not the first time Petitioners have sought to enforce this statutory command.

This proceeding has as its genesis a prior petition for a writ of mandamus to compel FLRA to process in a timely manner negotiability and unfair labor practice appeals. In the prior proceeding, although this Court found that FLRA's processing delays were "intolerable," the Court declined to issue the writ of mandamus and dismissed the petition without prejudice, relying on FLRA submissions indicating that FLRA was "determined to end its history of unjustifiable delay." *In re American Federation of Government Employees, AFL–CIO,* 790 F.2d 116, 117 (D.C.Cir.1986). The court noted several factors in concluding that a writ of mandamus was not necessary to accelerate FLRA processing time: (1) FLRA had processed all of the unfair labor practice appeals and at least six of the eleven negotiability appeals listed in the mandamus petition between the time the petition was filed and court disposition; (2) factors beyond FLRA's control had contributed to the backlog, particularly the absence of the third member of the FLRA to break ties;[3] and (3) case management initiatives which had produced "notable progress" in case processing and included the setting of internal goals for eliminating

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a).

1. The petition originally listed twenty (20) negotiability cases. It was amended to delete two (2) and add four (4) cases. By the time FLRA had filed its brief, it had decided fourteen (14) of the cases listed in the petition as amended. Between the time the brief was filed and the case argued, the FLRA decided four (4) more of the cases. It decided the remaining cases shortly after oral argument. *See* Respondent's Motion to Dismiss, as Moot, Petition For a Writ of Mandamus at 2–4; Petitioner's Response to Respondent's Motion to Dismiss as Moot at 2 n. 1.

2. Petitioners' standing to seek mandamus relief as to all negotiability cases, including cases in which they are not involved, has neither been briefed nor argued and that issue is not decided by this Court.

3. The FLRA has had its full complement of members since August 20, 1986. Brief for the Federal Labor Relations Authority at 7.

the backlog of cases and for timely processing cases in the future.[4] *Id.* at 118–19.

Nearly a year after the initial petition was denied without prejudice, however, Petitioners have had to resort to filing the instant petition. The negotiability appeals listed in the petition, as amended, were alleged to be pending anywhere from eighteen months to four and one-half years. FLRA responded with statistics documenting its commitment to maintaining a timely docket. Somewhat disconcerting to the Court, however, was that evidence of this commitment was weakest in the area involved in this and the prior litigation—negotiability appeals, the only area of FLRA's docket which Congress singled out for expedited consideration.[5]

### ANALYSIS

■ As noted above, all the negotiability appeals listed in the petition have been decided. Thus Petitioners' request for a writ of mandamus to decide these appeals within thirty days is moot. Similarly, a declaration by this Court that FLRA's delays in deciding these appeals violated 5 U.S.C. § 7117(c)(6) and 5 U.S.C. § 555(b) would serve no useful purpose. Obviously such a declaration cannot form the predicate for an order requiring the FLRA to decide the listed negotiability appeals within thirty days, because the appeals have already been decided. Nor can such a declaration form the predicate for an order imposing a six month deadline on future negotiability appeals, because even if FLRA unlawfully delayed decisions on the listed negotiability appeals an injunction imposing a six month deadline would be inappropriate. We therefore decline to render an opinion on the legality of the delays.

■ The request for a six month deadline is directed at future negotiability appeals that could not, by definition, be listed

in the petition, so the mootness inquiry as to this aspect of the case is necessarily different. The test for mootness when allegedly illegal conduct has been voluntarily discontinued by the defendant is whether "it can be said with assurance that 'there is no reasonable expectation' that the alleged violation will recur." *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)). The burden of demonstrating mootness is on the defendant, here Respondent FLRA, and is a "heavy one." *Id.* (quoting *Grant,* 345 U.S. at 632–33, 73 S.Ct. at 897); *Mississippi River Transmission Corp. v. FERC,* 759 F.2d 945, 952 n. 9 (D.C.Cir.1985).

Applying this test to the present petition, to find mootness the Court must be satisfied that FLRA has sustained its "heavy burden" of demonstrating that there is "no reasonable expectation" that Petitioners will be subject to unreasonable delays when they file negotiability appeals in the future. Despite FLRA's considerable progress, which like the panel before us we do not discount as solely a response to the stimulus of litigation, we are unable to find that the FLRA has met its heavy burden.

Several factors lead us to conclude that FLRA has not met its burden of establishing mootness. First, the delays complained of were not isolated instances but rather constituted a pattern of delayed processing; we cannot ignore FLRA's past record for "intolerable" delays. *See In re American Federation of Government Employees,* 790 F.2d at 117–18 (documenting FLRA's history of delays); *see also In re Center for Auto Safety,* 793 F.2d 1346 (D.C.Cir. 1986) (issuance of guidelines did not moot entire petition charging pattern of unreasonable delay in issuing guidelines). Sec-

---

4. The internal goals set by the agency were (1) by the end of fiscal year 1986 to process all cases within 180 days of filing and (2) by September 30, 1986, to eliminate all cases from its docket that had been pending more than six months. To this date the goals remain unfulfilled.

5. For example, as of May 1, 1987, of the 110 cases pending more than six months, 92 of them were negotiability appeals. *See* Supplemental Memorandum in Support of Respondent's Motion to Dismiss; or in the Alternative, for Stay of Proceedings at 3. *See also infra* note 6 and accompanying text.

ond, the case management initiatives, which the panel before us took notice of and which have led to FLRA's marked improvement, have been in place for some time but have not enabled FLRA to meet its internal goals. Even now, a full year after its self-imposed deadline has passed, FLRA has fifty-five cases on its docket which have been pending over six months, forty-seven of which are negotiability appeals.[6] In addition, FLRA's goal of processing cases within six months of receipt has not been met.

Third, the parties disagree as to what constitutes unreasonable delay in processing negotiability appeals. Implicit in Petitioners' request for a six month deadline is an assertion that any negotiability appeal not decided within six months of filing has been subject to unreasonable delay. FLRA rejects this implicit assertion and argues that, depending on the circumstances, it may very well be reasonable to take more than six months to decide a negotiability appeal. Thus it is inevitable that FLRA will take more than six months on some future negotiability appeals, and it is not unlikely that Petitioners will be involved in some of these appeals. Thus there is a reasonable expectation that Petitioners' will be subject to conduct that they claim violates the statutory mandate to expedite negotiability appeals.

Even if Petitioners' position should not be read as rigidly as suggested above, but instead should be read as recognizing that FLRA must have discretion to take more than six months to process certain negotiability appeals, FLRA still has not met its burden of establishing mootness. We cannot say, with sufficient certainty, that the criteria used by FLRA to determine which negotiability appeals will be given extended consideration (i.e., over six months) will not be over-inclusive. Nor can we say, given FLRA's track record, that the cases desig-

nated by FLRA as warranting extended consideration will be processed in a timely manner. Thus FLRA has not shown that there is "no reasonable expectation" that one or several of Petitioners' future negotiability appeals will be unreasonably delayed.

In sum, the pattern of delay charged here, FLRA's responses to it, and the distinct possibility of future conflict between the parties lead us to conclude that FLRA has not met its burden of establishing mootness. While we are hopeful that we will not see the same parties before us on this issue, we cannot find that FLRA's dispositions of the negotiability appeals listed in the petition have deprived this Court of jurisdiction to rule on the propriety of issuing an order requiring FLRA to decide negotiability appeals within six months of filing.

■ Although Petitioners win the mootness battle, they surely must lose the war. The clear language of the statute and general principles of equity informing our discretion show that the prayed for relief would be inappropriate. The six month deadline has no support in the statute and is an inappropriate remedy to counter the threat of future unreasonable delay.

The congressional mandate requiring FLRA to expedite negotiability appeals is expressly qualified by considerations of practicability. 5 U.S.C. § 7117(c)(6). By qualifying FLRA's duty in terms of practicability, Congress necessarily recognized that what constitutes timely processing depends on variable circumstances, including available agency resources and complexity of issues presented. Congress deemed it unwise to impose a rigid timetable on FLRA; we are not free to ignore that judgment and rewrite the statute to include a specific timetable. See Heckler v. Day, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984).

---

**6.** The 47 negotiability appeals that have been pending over 6 months are out of a total of 111 pending negotiability appeals, a rather high percentage. The breakdown for negotiability appeals that have been pending more than six months, as of 10/1/87, is as follows: 10 have been pending 6–9 months; 7 have been pending 9–12 months; 12 have been pending 12–15 months; 9 have been pending 15–18 months; 2 have been pending 21–24 months; 3 have been pending 27–30 months; and 4 have been pending 36 months or more. Respondent's Post-Argument Supplemental Memorandum at B–2.

Congress's reliance on considerations of practicality rather than on a specific timetable provides significant guidance for the exercise of our remedial powers when we are presented with a claim of unreasonable agency delay. Equitable relief must be carefully designed to remedy the violation to which it is directed as efficiently as possible. It must adequately protect against the likelihood of future violations without unnecessarily intruding upon defendant's legitimate activities. The six month deadline prayed for by Petitioners is too blunt an instrument to remedy the threat of unreasonable delay. While the possibility of unreasonable delay in the future is sufficiently great to defeat FLRA's claim of mootness, it does not justify burdening the FLRA with a court-ordered schedule for managing its docket.

A court order imposing a six month schedule would be inequitable. FLRA has shown marked improvement in managing its docket, and there is little reason to believe that this Court's order is necessary to sustain that improvement or would be helpful in spurring greater effort. Furthermore, we are convinced that FLRA will not violate the statutory directive to expedite negotiability appeals every time it takes more than six months to process a negotiability appeal. But issuing the requested order would expose FLRA to contempt proceedings every time it took more than six months to process a negotiability appeal. Given Congress's determination that FLRA needs some flexibility in managing its docket, FLRA's recent improvement, and the presumption of legality that agency action enjoys, this exposure is unwarranted.

### Conclusion

We first hold that Petitioners' claim that the Federal Labor Relations Authority ("FLRA") unreasonably delayed its decisions of the negotiability appeals specifically listed in the petition is moot, since the appeals have been decided. Second, we hold that Petitioners' claim that the FLRA has unreasonably delayed its negotiability appeal decisions in general, and their ac-

companying request for a six-month deadline to remedy the alleged delay, are not moot. This is so because we cannot say "with assurance that 'there is no reasonable expectation' that the alleged violation will recur." *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)). Third, we hold that if we were to find the FLRA guilty of unreasonable delay, a six-month deadline on negotiability appeal decisions (the only remedy sought by Petitioners) would not be an appropriate remedy. Given our finding that none of the relief sought would be warranted, we need not decide whether the FLRA in fact delayed unreasonably. Where there's no remedy, there's no need to decide if there was a wrong. The Petition for Writ of Mandamus is accordingly denied.